IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

v.                                :     No. 07-171

RODERICK VOSBURGH                 :

**ORDER**

AND NOW, this       day of June, 2007, upon consideration of Defendant's Motion to Suppress Statements and Seized Evidence, the prosecution's response, and a full hearing, it is

ORDERED: The Motion is GRANTED. The following evidence is SUPPRESSED and the prosecution may not introduce it at Trial. In addition, the prosecution shall return all educational records, and any copies made, to defendant and or the college or university from which they were seized.

1. All evidence seized based on Attachment B to all the search warrants as products of general warrants is suppressed.

2. Any and all oral statements obtained from Mr. Vosburgh, and any written notes of those statements, and any testimony based on those statements are suppressed as in violation of his rights under the Fourth, Fifth and Sixth Amendments to the Constitution as well as the requirements of Miranda v. Arizona.

3. All objects seized from Mr. Vosburgh's apartment, tangible and intangible, such as photographs taken and observations made by agents searching the apartment, as well as photographs taken at the time are suppressed as seized in violation of Mr. Vosburgh's rights under the Fourth, Fifth and Sixth Amendments to the Constitution.

1

4. Any evidence obtained from search warrants based on statements illegally obtained from the Defendant, that is the warrants of March 1, and March 15, and March 27 is suppressed as fruits of the poisonous tree. Anything seized from LaSalle University and Ursinus College are suppressed also on the ground that it was seized in violation of FERPA.

5. If there are other search warrants of which Defense counsel has not been informed, or government demands to Universities or Colleges to turn over information under color of law which are defective or tainted fruits of the poisonous tree, then undersigned counsel has leave to move for suppression of any other items obtained by illegal means.

BY THE COURT:

_____
TIMOTHY J. SAVAGE
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | No. 07-171 |
| RODERICK VOSBURGH | : | |

### DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND SEIZED EVIDENCE

Defendant, Roderick Vosburgh, by his attorney, Anna M. Durbin, moves for a hearing on this Motion and also moves to suppress statements and tangible and intangible evidence seized from his person and his apartment:

1. On March 27, 2007, the defendant was named in a three-count indictment charging him with violations of 18 U.S.C. §§ 1519, 2232 and 2252(a)(4)(B) and (b)(2).

2. Trial in this case has been scheduled for July 25, 2007.

**Department of Justice Administrative Subpoena**

3. According to the Search Warrant Affidavit submitted the Magistrate Judge by Agent Desy in this case, at some unknown time between November and December, and FBI Agent Luders allegedly issued Department of Justice Administrative Subpoenas to identify subscribers to a sham link on Luders' covert FBI computer in San Jose, California.

4. Counsel has requested, but not received the Department of Justice Administrative Subpoena which allegedly resulted in the identification of Defendant's IP address. Since no authorization to obtain this information has been obtained, counsel must allege that the information was obtained unlawfully and must be suppressed.

1

5. Since the search warrant affidavit attached as Exhibit A relies on information illegally obtained, then any seizures resulting from the Search Warrant Affidavit must be suppressed.

**Search Warrant I**

6. On February 23, 2007, FBI Agent David J. Desy obtained a search warrant from a United States Magistrate Judge in the Eastern District of Pennsylvania.

7. On February 27, 2007, the FBI and the Upper Providence police executed the search warrant at Mr. Vosburgh's apartment, 37 State Road, Apt. B4, Media.

8. Agents and police seized numerous items which Defendant cannot fully list at this time as counsel does not yet have a legible copy of the search warrant return.

9. The search warrant failed to establish probable cause to believe that evidence of the crimes being investigated would be in Mr. Vosburgh's apartment at the time of the search.

10. The search warrant contains many assertions which have no attribution to any reliable source or which have no connection to Mr. Vosburgh's apartment or items contained there in February 27, 2007.

**Involuntary Admissions by Defendant, Obtained in Violation of Law**

11. During the course of the execution of the search warrant, the agents and police took Mr. Vosburgh into custody, requiring him to lie down and submit to being handcuffed.

12. Agents and police had no probable cause to arrest Mr. Vosburgh and they had no warrant for his arrest.

22. Agents may not repeatedly violate the privacy of a defendant's home to obtain objects in plain view which they did not seize during the first approximately 4+ hour search.

23. The seizure of the external hard drive and any other items seized from Mr. Vosburgh's apartment on March 1, 2007, were tainted fruits of the poisonous tree of the illegally obtained statement and must be suppressed.

**Search Warrant III**

24. On March 15, 2007, FBI Agent Desy obtained a search warrant from a different Magistrate Judge to search LaSalle University, Olney Hall, the Adjunct Office Room, Olney 314 and apparently a shared computer. He included much of the Affidavits in Search Warrants I and II in his Affidavit for the LaSalle Search Warrant and the search warrant is defective for the same reasons as stated above.

25. Agent Desy did not disclose in the Affidavit for the LaSalle Search Warrant that he only learned that Defendant taught at LaSalle University from statements illegally obtained from the Defendant at the time of the execution of Search Warrant I.

26. Undersigned counsel does not yet have any copy of the search warrant return.

27. Any seizures from LaSalle University were tainted fruits of the poisonous tree of the illegally obtained statement and must be suppressed.

28. In addition, since Mr. Vosburgh may have kept his own educational records and educational records of students he taught on the shared computer at his office, on his user account on the LaSalle University file server or on papers in his office, the Search Warrant provided to counsel was in violation of the Family Educational Rights and Privacy Act (FERPA). 20 U.S.C. §1232g(b)(1)(J)(ii), (b)(2)(B).   These computer

4

WHEREFORE, for the foregoing reasons and for any which may occur to the Court on a full hearing of this Motion, which hearing he requests, the Defendant, by counsel, respectfully requests that all evidence, tangible and intangible, and statements seized on February 27, March 1, and on any later occasion from Mr. Vosburgh, third parties, or his apartment be suppressed.

Respectfully submitted,

Dated: June 4, 2007

Anna M. Durbin
PA. Id #30555
Law Offices of Anna M. Durbin
50 Rittenhouse Place
Ardmore, PA 19003-2276

610-649-8200
Fax: 610-649-8362

Court-appointed attorney for
  Roderick Vosburgh

7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :

v.    :    No. 07-171

RODERICK VOSBURGH    :

### DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION TO SUPPRESS STATEMENTS AND SEIZED EVIDENCE

Defendant, Roderick Vosburgh, by his attorney, Anna M. Durbin, has moved to suppress tangible and intangible evidence seized based on an administrative subpoena that has not been produced, from two search warrants on his apartment, and from two search warrants served on a college and a university where he was teaching. In addition, he moved to suppress statements elicited from him while he was in custody, had requested a lawyer, and was not provided his Miranda rights. He requests a full hearing on this Motion.

The Fourth Amendment to the Constitution requires that a warrant for search and seizure must establish probable cause that the items sought are presently in the place where the in this case, the FBI seeks to execute the search warrant. The evidence relied on to search Defendant's apartment was obtained on October 25, 2006, and it was weak. Someone using Defendant's alleged personal ip address attempted to access sham files in a short period of time on October 25, 2006. The name of the files did not reveal that they contained child pornography. Not until February 27, 2007, over four months later, did agents execute the search warrant. There was no other contact with Defendant's alleged ip.

1

The FBI allegedly obtained information about the ip address through use of an Administrative Subpoena. That subpoena has not been produced, so the Court may presume that it was flawed, and that the information was obtained in violation of the Constitution. All other evidence connecting the Defendant to any alleged crime is tainted by the illegally obtained information about the ip, and must be suppressed as fruit of the poisonous tree. See Wong Sun v. United States, 371 U.S. 471 (1963).

Attachment B, attached to the warrants contained a laundry list of any kind of item that might possibly have some evidence about computer use, but there was no probable cause that Defendant possessed any such items. Instead the laundry list allowed officers to rifle papers, diaries, and private computer files that there was no probable cause to believe had any connection with child pornography. This search warrant allowed for a wide ranging exploratory search which the Framers of the Fourth Amendment intended to prohibit. Maryland v. Garrison, 480 U.S. 79 (1987).

The bulk of the search warrant affidavit consists of broad statements about the nature of unknown individuals who access child pornography. There is nothing to establish that these broad assertions are reliable, based on research, or from where the agent derived them and when. Nothing that is not included in the search warrant affidavit can be examined to determine whether the search warrant established probable cause to search Defendant's apartment in February, 2007. Nor did the agent cite any information from which the Magistrate could conclude that Defendant met the profile of the people that the search warrant affidavit painted with a broad brush.

Any statements made by the Defendant must also be suppressed from use at trial. First, there was no probable cause to arrest him when he left his apartment and there was

no warrant for his arrest. He was handcuffed and forced to sit on a step or curb for a considerable period of time and did not believe he was free to go. He requested to talk to or call his lawyer and that request was denied. Nonetheless, agents questioned the defendant and elicited information from him. They did not provide him Miranda warnings about his statements. Because statements from the defendant were obtained in violation of the requirements the Fifth and Sixth Amendments to the Constitution and the additional requirements of Miranda v. Arizona, 384 U.S. 436 (1966), they must be suppressed.

Because the statements from Defendant were illegally obtained, they cannot support further search warrants. The FBI sought a second search warrant to search Defendant's apartment after he told them he had an external hard drive. It was in plain view when they first searched the apartment. There is no Fourth Circuit jurisprudence that allows officers to repeatedly ransack a defendant's apartment because they did not seize something in plain view. In addition, the second warrant must fall, because the agent failed to inform the magistrate that his knowledge of the external hard drive came from statements illegally elicited from the Defendant. The seizure of the external hard drive is a tainted fruit of the poisonous tree.

The other two warrants to search Defendant's computer files at Ursinus College and LaSalle University also fail for the same reasons the first two search warrants fail. In addition, agents obtained the files in violation of FERPA, which protects educational records, not only of the defendant, but of the students he taught. That statute, as cited in the motion, requires that students be given notice before educational records are seized and an opportunity to object. There was no exigent circumstances which required the

FBI to violate FERPA, as the Defendant had been arrested and prohibited from going to either of the campuses.

For these and any other reasons which may occur to the Court on a full hearing of this motion, Defendant requests that all evidence, tangible and intangible seized from his apartment or his person, as well as all statements elicited from him while he was not free to leave, be suppressed.

Respectfully submitted,

Dated: June 4, 2007

_____
Anna M. Durbin

Court-appointed attorney for
Roderick Vosburgh

## CERTIFCATION OF SERVICE

I certify that on June 5, 2007, I caused the attached Defendant's Motion To Suppress Statements and Seized Evidence and Memorandum in Support to be served electronically on the attorney for the government at her address below:

Denise Wolf, Esq.
Assistant United States Attorney
denise.wolf@usdoj.gov

_____
Anna M. Durbin